[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14173
Non-Argument Calendar
_____

Docket No. 0:11-cv-60250-WPD

DEMETRIOS DRAKIDIS,

Plaintiff-Appellant,

versus

EUGENE E. MORI,
in personam,
J. W. EWAN CORP., in personam, et al.

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 6, 2013)

Before TJOFLAT, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Demetrios Drakidis appeals the district court's partial denial[1] of his motion for entry of judgment in his admiralty action against Eugene Mori, J.W. Ewan Corp., and the M/Y Mimosa. No reversible error has been shown; we affirm.

Briefly stated, Drakidis was injured while working as a carpenter aboard the M/Y Mimosa, a vessel owned by J.W. Ewan Corp. and operated by Mori. Drakidis sued for damages, asserting claims for negligence and unseaworthiness. Following a four-day jury trial, the jury returned a verdict with special interrogatories. The jury found (1) that Mori was not negligent; (2) that J.W. Ewan Corp. was negligent and that J.W. Ewan Corp.'s negligence caused Drakidis's injuries; and (3) that the M/Y Mimosa was unseaworthy. The jury awarded Drakidis $350,000 in damages.

Drakidis filed a motion for entry of judgment in which he sought a judgment against Mori and J.W. Ewan Corp., jointly and severally. Drakidis argued that, although J.W. Ewan Corp. was the holding company that owned the vessel, Mori was jointly and severally liable as the vessel's owner pro hac vice.

---

[1] The district court's grant of Drakidis's request for prejudgment interest is no issue in this appeal.

2

The district court characterized Drakidis's motion as "asking the Court to make factual determinations on fact-based issues that Plaintiff failed to submit to the jury, that were not addressed by the Court's instructions to the jury, and that were not presented to the jury in the lengthy special interrogatories." Based on Drakidis's failure to submit the fact-based issues to the jury, the district court determined that Drakidis had waived his arguments that Mori was liable either as the vessel's owner pro hac vice or under a theory of piercing the corporate veil. The court also explained that, even if it were to consider Drakidis's arguments, attributing liability to Mori would be inconsistent with the jury's verdict and special interrogatories which found consistently that Mori was not liable in this action. This appeal followed.

On appeal, Drakidis fails to address the district court's dispositive determination on waiver and, thus, has abandoned that issue.[2] See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217 n.4 (11th Cir. 2008) (stating that "issues not raised on appeal are abandoned"). Because the substantive arguments have been deemed waived, we will not consider Drakidis's arguments that Mori was liable either as the vessel's owner pro hac vice or under a theory of piercing the corporate veil.

---

[2] In fact, Drakidis fails entirely to acknowledge that the district court denied his motion based on waiver and, instead, asserts inaccurately that the district court denied his motion on the merits.

Drakidis also asserts that Mori should be held jointly and severally liable as the vessel's owner in fact.  Because Drakidis raises this issue for the first time on appeal,[3] we will not address it.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004).

Drakidis contends that, based on the M/Y Mimosa's unseaworthiness, Mori may be held contributorily liable based on a theory of "concurrent fault."  We reject this argument.  Liability for the unseaworthiness of a vessel is based on strict liability, not fault.  Cooper Stevedoring Co. v. Fritz Kopke, Inc., 94 S.Ct. 2174, 2179 (1974).  That a party "may have been subject to a suit based on unseaworthiness . . . [does] not make it a joint tortfeasor subject to a contribution claim."  Id.

AFFIRMED.

---

[3] We note that Drakidis's appellate argument contradicts directly his motion for entry of judgment, in which he listed as an "undisputed fact" that J.W. Ewan Corp. was the owner of the vessel.